UNITED STATES COURT OF INTERNATIONAL TRADE

|  |  |  |
|---|---|---|
| JINKO SOLAR (VIETNAM) INDUSTRIES COMPANY LIMITED, | : : : : | **COMPLAINT** |
| Plaintiff, | : : | Court No. 25-172 |
| v. | : : |  |
| UNITED STATES, | : : |  |
| Defendant. | : : |  |

## COMPLAINT

Plaintiff Jinko Solar (Vietnam) Industries Company Limited ("Jinko Solar") by and through the undersigned counsel, hereby alleges and states as follows.

## ADMINISTRATIVE DETERMINATION TO BE REVIEWED

1. Jinko Solar seeks review of the final determination of the U.S. Department of Commerce, International Trade Administration's (the "Department") countervailing duty ("CVD") investigation of Crystalline Silicon Photovoltaic Cells, Whether or Not Assembled Into Modules ("solar cells") from the Socialist Republic of Vietnam ("Vietnam"), published as *Crystalline Silicon Photovoltaic Cells, Whether or Not Assembled Into Modules, from the Socialist Republic of Vietnam: Final Affirmative Countervailing Duty Determination and Final Affirmative Critical Circumstances Determination, in Part,* 90 Fed. Reg. 17,399 (Apr. 25, 2025) ("*Final Determination*"), resulting in issuance of the *Crystalline Silicon Photovoltaic Cells, Whether or Not Assembled Into Modules, From Malaysia and Thailand: Amended Final Countervailing Duty Determinations; Crystalline Silicon Photovoltaic Cells, Whether or Not Assembled Into Modules, From Cambodia, Malaysia, Thailand, and the Socialist Republic of Vietnam:*

*Countervailing Duty Orders*, 90 Fed. Reg. 26,791 (June 24, 2025) ("*CVD Order*").

2.     The challenged determinations, findings, and conclusions are set out primarily in the Department's "Issues and Decision Memorandum" (Apr. 18, 2025) accompanying the *Final Determination.*

## JURISDICTION

3.      This action is filed pursuant to 19 U.S.C. § 1516a(a)(2)(B)(i) to contest the *Final Determination* issued by the Department in the investigation. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1581(c).

## STANDING OF PLAINTIFFS

4.     Jinko Solar is a producer and exporter of solar cells from Vietnam. Jinko Solar participated in the Department's proceeding that resulted in the challenged determination and by submitting questionnaire response data and written arguments. Therefore, Jinko Solar is an interested party as described in 19 U.S.C. § 1677(9)(a) and has standing to bring this action pursuant to 28 U.S.C. § 2631(c) and 19 U.S.C. § 1516a(d).

## TIMLINESS OF THE ACTION

5.      Parties to actions challenging Department determinations pursuant to 19 U.S.C. § 1516a(a)(2)(B)(i), regarding investigations, must file the summons within 30 days of the date of publication in the Federal Register of the order. 19 U.S.C. § 1516a(a)(2)(A)(ii). The Department published the *CVD Order* on June 24, 2025.

6.     This action was timely commenced within 30 days of the date of publication of the *Order*, by the filing of a Summons on July 24, 2025. This complaint is timely filed within 30 days of the filing of Jinko Solar's Summons. Therefore, both the Summons and Complaint have been timely filed in accordance with 19 U.S.C. § 1516a(a)(2)(A), 28 U.S.C. § 2636(c) and

pursuant to Rules 3(a)(2) and 6(a) of the Rules of this Court.

## BACKGROUND

7. On April 23, 2024, The American Alliance for Solar Manufacturing Trade Committee ("Petitioner") filed a petition claiming that solar cells from Vietnam but sold in the United States were being unfairly subsidized.

8. On May 14, 2024, based on the allegations in the petition, the Department initiated a countervailing duty investigation of crystalline silicon photovoltaic cells from Vietnam. *See Crystalline Silicon Photovoltaic Cells, Whether or Not Assembled Into Modules, From Cambodia, Malaysia, Thailand, and the Socialist Republic of Vietnam: Initiation of Countervailing Duty Investigations,* 89 Fed. Reg. 43,816 (May 20, 2024).

9. On June 6, 2024, Plaintiff timely filed a quantity and value questionnaire response for use by the Department in selecting mandatory respondents. On June 18, 2024, the Department selected Boviet Solar Technology ("Boviet") and JA Solar Vietnam Company Limited ("JA") as the mandatory respondents. Throughout the investigation, Boviet and JA filed comments and information with the Department concerning the Department's proposed benchmark calculations, whether certain programs are countervailable, and JA's creditworthiness.

10. On October 4, 2024, the Department published its preliminary determination assigning CVD rates of: 0.81% for Boviet (*de minimis*); 2.85% for JA; and 2.85% for "all others" including Jinko Solar. *Crystalline Silicon Photovoltaic Cells, Whether or Not Assembled Into Modules, From the Socialist Republic of Vietnam: Preliminary Affirmative Countervailing Duty Determination, Preliminary Affirmative Critical Circumstances Determination, in Part, and Alignment of Final Determination With Final Antidumping Duty Determination,* 89 Fed. Reg. 80,866, 80,868 (Oct. 4, 2024).

11.     Prior to the issuance of the *Final Determination*, mandatory respondents Boviet and JA each filed case briefs with the Department. In its Case Brief, Boviet argued that: (1) the Department cannot countervail cross-border subsidies from China*;* (2) the Department's withdrawal of the transnational subsidy regulation was arbitrary and capricious; (3) the Department should use Bloomberg data as the benchmark for the provision of wafers at less than adequate remuneration ("LTAR"); (4) the Department should make other LTAR adjustments; and (5) the Department should find that no benefit was conferred under the Import Duty Exemptions on Imported Raw Materials for Export Processing Enterprises and Export Processing Zones program.

12.     Similarly, in its Case Brief, JA argued that: (1) the Department cannot lawfully countervail the transnational subsidy programs; (2) the Department cannot lawfully countervail JA's purchases of silicon wafers and if it does, it must make various changes to the benchmark calculation; (3) the Department cannot lawfully countervail JA's purchases of silver paste; (4) the Department should revise its benchmark for silver paste; (5) the Department should not countervail the Government of China's provision of solar glass; (6) the Department should not add VAT and import duties to the silicon wafer, silver paste, and solar glass benchmarks; (7) the Department should reject Petitioner's inland freight benchmark and instead rely on JA's own reported data; (8) the Department should not countervail the alleged Duty Exemptions on Imported Raw Materials for Export Processing Enterprises and Export Processing Zone programs; (9) the Department should not countervail JA's solar loans; and (10) the Department should find that JA was creditworthy.

13.    Although not selected as a mandatory respondent, Jinko Solar participated in the investigation by filing both case and rebuttal briefs arguing that the Department should not find critical circumstances.

14.    On April 25, 2025, the Department published its *Final Determination* that rejected most arguments proffered by Boviet, JA, and Jinko Solar regarding the countervailability of certain programs, the calculation of certain benchmarks, and critical circumstances. The Department also applied adverse facts available ("AFA") to both mandatory respondents.

15.    In the *Final Determination*, the Department assigned CVD rates of: 230.66% for Boviet; 68.15% for JA; and 124.57% for "all others" including Jinko Solar based on the weighted average of the two calculated CVD rates. 90 Fed. Reg. at 17,401.

## STATEMENT OF CLAIMS

### COUNT ONE

16.    Paragraphs 1 to 15 are adopted, incorporated, and re-alleged here by reference.

17.    The Department's determination that U.S. law permits it to investigate and countervail transnational subsidies was not supported by substantial evidence and was otherwise not in accordance with law.

### COUNT TWO

18.    Paragraphs 1 to 15, and 17 are adopted, incorporated, and re-alleged here by reference.

19.    The Department's finding that the Government of China had a policy in place to encourage the development of Chinese firms that shift production abroad through policy lending, and that Chinese state-owned commercial banks are 'authorities' was not supported by substantial evidence and was otherwise not in accordance with law.

## COUNT THREE

20.     Paragraphs 1 to 15, 17, and 19 are adopted, incorporated, and re-alleged here by reference.

21.     The Department's finding that the producers of polysilicon, silicon wafers, silver paste, and solar glass are authorities that provided a financial contribution was not supported by substantial evidence and was otherwise not in accordance with law.

## COUNT FOUR

22.     Paragraphs 1 to 15, 17, 19, and 21 are adopted, incorporated, and re-alleged here by reference.

23.     The Department's determination that the provision of Chinese origin polysilicon, silicon wafer, silver paste, solar glass for LTAR is specific was not supported by substantial evidence and otherwise not in accordance with law.

## COUNT FIVE

24.     Paragraphs 1 to 15, 17, 19, 21, and 23 are adopted, incorporated, and re-alleged here by reference.

25.     The Department's withdrawal of 19 C.F.R. § 351.527 was not supported by substantial evidence and otherwise not in accordance with law.

## COUNT SIX

26.     Paragraphs 1 to 15, 17, 19, 21, 23, and 25 are adopted, incorporated, and re-alleged here by reference

27.     The Department's determination that JA's loans are countervailable was not supported by substantial evidence and otherwise not in accordance with law

## COUNT SEVEN

28. Paragraphs 1 to 15, 17, 19, 21, 23, 25, and 27 are adopted, incorporated, and re-alleged here by reference

29. The Department's reliance on UNComtrade data for Harmonized Tariff Schedule ("HTS") subheading 3818.00 as the tier two benchmark for silicon wafers was not supported by substantial evidence and was otherwise not in accordance with law.

## COUNT EIGHT

30. Paragraphs 1 to 15, 17, 19, 21, 23, 25, 27, and 29 are adopted, incorporated, and re-alleged here by reference

31. The Department's decision to measure benefits on all purchases of silicon wafers from Chinese suppliers by JA's affiliate was not supported by substantial evidence and was otherwise not in accordance with law.

## COUNT NINE

32. Paragraphs 1 to 15, 17, 19, 21, 23, 25, 27, 29, and 31 are adopted, incorporated, and re-alleged here by reference

33. The Department's use of the average of Trade Data Monitor and UNComtrade data for HTS subheadings 7106.92 as the benchmark for the cross-border provision of Chinese silver paste for LTAR was not supported by substantial evidence and was otherwise not in accordance with law.

## COUNT TEN

34. Paragraphs 1 to 15, 17, 19, 21, 23, 25, 27, 29, 31, and 33 are adopted, incorporated, and re-alleged here by reference.

35. The Department's use of UNComtrade data for HS subheading 7007.19 to calculate the solar glass benchmark was not supported by substantial evidence and was otherwise not in accordance with law.

## COUNT ELEVEN

36. Paragraphs 1 to 15, 17, 19, 21, 23, 25, 27, 29, 31, 33, and 35 are adopted, incorporated, and re-alleged here by reference

37. The Department's inclusion of VAT and import duties within the tier two benchmark calculations was not supported by substantial evidence and was otherwise not in accordance with law.

## COUNT TWELVE

38. Paragraphs 1 to 15, 17, 19, 21, 23, 25, 27, 29, 31, 33, 35, and 37 are adopted, incorporated, and re-alleged here by reference.

39. The Department's determination that the Import Duty Exemptions on Imported Raw Materials for Export Processing Enterprises and Export Processing Zones program is countervailable was not supported by substantial evidence and was otherwise not in accordance with law.

## COUNT THIRTEEN

40. Paragraphs 1 to 15, 17, 19, 21, 23, 25, 27, 29, 31, 33, 35, 37, and 39 are adopted, incorporated, and re-alleged here by reference

41. The Department's application of AFA to JA for the allegedly unreported assistance of import duty exemptions on imported equipment during the average useful life period was not supported by substantial evidence and was otherwise not in accordance with law.

**COUNT FOURTEEN**

42.     Paragraphs 1 to 15, 17, 19, 21, 23, 25, 27, 29, 31, 33, 35, 37, 39, and 41 are adopted, incorporated, and re-alleged here by reference.

43.     The Department's application of AFA to Boviet and JA for the Import Duty Exemptions on Imported Raw Materials for Export Processing Enterprises and Export Processing Zones program was not supported by substantial evidence and was otherwise not in accordance with law.

**COUNT FIFTEEN**

44.     Paragraphs 1 to 15, 17, 19, 21, 23, 25, 27, 29, 31, 33, 35, 37, 39, 41, and 43 are adopted, incorporated, and re-alleged here by reference.

45.     The Department's affirmative critical circumstances determination was not supported by substantial evidence and was otherwise not in accordance with law.

**COUNT SIXTEEN**

46.     Paragraphs 1 to 15, 17, 19, 21, 23, 25, 27, 29, 31, 33, 35, 37, 39, 41, 43, and 45 are adopted, incorporated, and re-alleged here by reference.

47.     The Department's determination that JA was uncreditworthy was not supported by substantial evidence and was otherwise not in accordance with law.

**COUNT SEVENTEEN**

48.     Paragraphs 1 to 15, 17, 19, 21, 23, 25, 27, 29, 31, 33, 35, 37, 39, 41, 43, 45, and 47 are adopted, incorporated, and re-alleged here by reference.

49.     The Department's determination that it is appropriate to apply the 5.53 percent rate rather than the 5.48 percent rate for "Other Tax Programs" in the AFA calculation was not supported by substantial evidence and was otherwise not in accordance with law.

## COUNT EIGHTEEN

50.     Paragraphs 1 to 15, 17, 19, 21, 23, 25, 27, 29, 31, 33, 35, 37, 39, 41, 43, 45, 47, and 49 are adopted, incorporated, and re-alleged here by reference.

51.     The Department's calculation of the "all others" rate was not supported by substantial evidence and was otherwise contrary to controlling law.

## PRAYER FOR RELIEF

WHEREFORE, Jinko Solar requests that this Court:

(a)     hold that the Department's *Final Determination* and *CVD Order* are unsupported by substantial evidence and is otherwise not in accordance with law;

(b)     remand the *Final Determination* and *CVD Order* with instructions for the Department to issue a new determination consistent with this Court's decision; and

(c)     provide such other and further relief as this Court deems just and proper.

Respectfully submitted,

*/s/ Andrew T. Schutz*

Andrew T. Schutz
Jordan C. Kahn

GRUNFELD, DESIDERIO, LEBOWITZ
SILVERMAN & KLESTADT LLP

*599 Lexington Ave., Fl. 36
New York, New York 10022
(212) 557-4000

-and-

1201 New York Ave., NW, Ste. 650
Washington, DC 20005
(202) 783-6881

*Counsel to Plaintiff Jinko Solar (Vietnam) Industries Company Limited*

CERTIFICATE OF SERVICE

      Pursuant to Rule 3(f) of the Rules of the Court of International Trade, I certify that on August 25, 2025, I caused a copy of the foregoing Complaint to be served upon the following individuals and notified all the interested parties who were a party to the proceeding below, by certified mail, return receipt requested:

**UPON THE UNITED STATES**
Attorney-In-Charge
International Trade Field Office
Commercial Litigation Branch
**U.S. Department of Justice**
26 Federal Plaza
New York, New York 10278

Director, Civil Division
Commercial Litigation Branch
**U.S. Department of Justice**
1100 L Street, NW
Washington, DC 20530

**UPON THE U.S. DEPARTMENT OF COMMERCE**
General Counsel
**U.S. Department of Commerce**
14th Street & Constitution Avenue, NW
Washington, DC 20230

Evangeline Keenan
Director, APO/Dockets Unit
**U.S. Department of Commerce**
14th Street & Constitution Avenue, NW
Room 18022
Washington, DC 20230

**On Behalf of The American Alliance for Solar Manufacturing Trade Committee**
Laura El-Sabaawi, Esq.
**Wiley Rein, LLP**
2050 M Street, NW
Washington, DC 20036

**On Behalf of JA Solar USA Inc et al.**
Jeffrey S. Grimson, Esq.
**Mowry & Grimson PLLC**
5335 Wisconsin Avenue, NW
Suite 810
Washington, DC 20015

**On Behalf of NextEra Energy Constructors, LLC**
Matthew R. Nicely, Esq.
**Akin Gump Strauss Hauer & Feld LLP**
2001 K Street, NW
Washington, DC 20006-1037

**On Behalf of Trina Solar Energy Development Company Limited and Blue Moon Vina Co., Ltd**
Jonathan M. Freed, Esq.
**Trade Pacific PLLC**
700 Pennsylvania Avenue, SE
Suite 500
Washington, DC 20003

**On Behalf of Illuminate USA LLC et al.**
Robert L. LaFrankie, Esq.
**Crowell & Moring LLP**
1001 Pennsylvania Avenue, NW
Washington, DC 20004-2595

**On Behalf of Elite Solar Power HongKong Ltd.**
Friederike Goergens, Esq.
**Greenberg Traurig, LLP**
2101 L Street NW
Washington, DC 20037

**On Behalf of Canadian Solar US Module Manufacturing Corporation**
Jonathan Thomas Stoel, Esq.
**Hogan Lovells US LLP**
555 Thirteenth Street, NW
Washington, DC 20004

**On Behalf of Hanwha Q CELLS USA, Inc.**
Nancy A. Noonan, Esq.
**ArentFox Schiff LLP**
1717 K Street
Washington DC 20006

| | |
|---|---|
| **On Behalf of Vietnergy Co., Ltd. and Tainergy Tech Co., Ltd.**<br>Jay C. Campbell, Esq.<br>**White & Case LLP**<br>701 Thirteenth Street, NW<br>Washington DC 20005 | **On Behalf of the Embassy of the Peoples Republic of China**<br>Yangfan Xie<br>Economic and Commercial Office<br>2133 Wisconsin Avenue, NW<br>Washington, DC 20007 |

**On Behalf of Boviet Solar Technology Co., Ltd. et al.**
David M. Morrell Esq.
**Jones Day**
51 Louisiana Ave., NW
Washington, DC 20001-2113

Gregory Menegaz, Esq.
**The Inter-Global Trade Law Group PLLC**         /s/ Andrew T. Schutz
1156 15th Street, NW                                              Andrew T. Schut
Suite 1101
Washington, DC 20005

**On Behalf of Letsolar Vietnam Company Limited and Nexuns Vietnam Company Limited**
Adams Lee, Esq.
**Harris Sliwoski LLP**
600 Stewart Street
Suite 1200
Seattle, WA 98101

**On Behalf of the Embassy of Vietnam**
Do Ngoc Hung
Embassy of Vietnam – Trade Office
1730 M Street
Washington, DC 20036

**On Behalf of TRAV-MOIT (GOV of Viet Nam)**
Ha Van Hieu
Trade Remedies Authority of Vietnam
23 Ngo Quyen, Hoan Kiem
Hanoi, Vietnam

**On Behalf of the Vietnam Trade Office in the USA**
Luong Kim Thanh
Trade Remedies Authority of Vietnam
25 Ngo Quyen Street, Hoan Kiem District
Ha Noi, Viet Nam

13454901_1